# Book *against* Edgar.

An execution issued upon an award made in a proceeding under the act of 1705 before a judgment was entered upon it, is void; and a sale of the defendant's real estate to the plaintiff, by the sheriff, on such execution, confers no title.

ERROR to the common pleas of *Mercer* county.

The plaintiff below, who is plaintiff here, brought an ejectment to recover a house and some land, and offered to make title under the following proceedings. A paper was produced in the words following:

" George Book *v.* David Young, administrator of James Small deceased.

" It is agreed to enter an amicable action in this case, to refer all matters in variance between the parties in the above cause to Alexander Miller, Esq., James Parks, and James Strain, to proceed, and determine all disputes according to law and justice, and without regard to the form of action. This agreement not to be considered as any admission of assets in the hands of the defendant; if any thing should be due, to be *de bonis et terris* of the decedent only. Report into office and judgment according to the act of 1705. Report of majority of arbitrators to be sufficient; and this agreement to be considered sufficient authority for the prothonotary to enter an amicable action, either before or after the arbitration and judgment thereon. Witness our hands this 25th day of October 1831.

" To meet at Alexander Miller's, Esq. on the 5th of November, at 12 o'clock.

" GEORGE BOOK.
" DAVID YOUNG.

" Test, NATHAN TYLER."

The parties afterwards, by an agreement under their hands and seals, in presence of the same witness, agreed to postpone the meeting until the 17th of March 1831. The arbitrators met on that day, and, as they state, being organized according to law, and after several adjournments, two of them made an award in favour of the plaintiff for 598 dollars 74 cents and costs of suit. The award seems to have been on the same paper as the agreement, and on it is indorsed, " No. 2, June term 1832 ; filed 26th of March 1832 ; tax paid by plaintiff, 25."

On the docket is the following entry :

" George Book *v.* David Young, administrator of James Small deceased.

" In the court of common pleas of Mercer county. No. 2, of June term 1832. Amicable action in debt 26th of March 1832, arbitrated by parties, and award for plaintiff the sum of 598 dollars 74 cents and costs of suit."

Along with the foregoing, the plaintiff offered in evidence a *fieri facias*, returnable to June term 1832, under which the property in dispute was levied upon, and, on inquisition, condemned; and a *venditioni exponas* to September term 1832, returned "sold to the plaintiff;" a deed from the sheriff to the plaintiff.

These several writs and deed were objected to, and rejected by the court on the ground that there was no judgment : whereupon a bill of exceptions was sealed.

*Pearson,* for the plaintiff in error, contended that the omission of the prothonotary to enter judgment on an amicable award could not be taken advantage of. It was the same as an omission to enter judgment on a verdict. Helvete *v.* Rapp, 7 *Serg. & Rawle* 306.

*Banks,* contra. Under the acts of 1806 and 1810 the award is a judgment. But this case is under the act of 1705, which makes no such provision.

The opinion of the Court was delivered by

HUSTON, J.—It is not the first time that parties have proceeded in such a manner as to make it doubtful whether their proceedings could be supported. Independent of the arbitration at common law, we have, by act of assembly of 1705, a provision, that where parties in a suit have accounts to produce against each other, they or their attorneys may consent to a rule of court, referring the adjustment thereof to certain persons, &c. ; and the award made and returned to court, and approved by the court, is to have the same effect as a ver-

[Book v. Edgar.]

dict. Although this act only mentions cases where accounts are to be produced, it has, by long and universal practice, extended to every kind of actions depending in court. When the report is made to court, it is read and approved *nisi;* that is, unless exceptions are filed within four days.

This act applies to a reference of a cause depending in court, and a copy of the rule to refer is taken out, and is the authority on which the referees act.

The act of the 21st of March 1806 provides, that it shall and may be lawful for persons desirous of settling any dispute, by themselves, their agents or attorneys, to enter into an agreement in writing to refer such dispute to persons mutually chosen, who are to make out an award and deliver it to the party in whose favour it is made, together with the written agreement entered into by the parties, and it shall be the duty of the prothonotary on the affidavit of a subscribing witness to the agreement that it was duly executed by the parties, to file the same in his office, and enter the same of record, which shall be as available in law as an award under a rule of reference (by act of 1705). The third section directs that the referees shall seal their award and give it to the party in whose favour it is, who shall deliver it to the prothonotary with the seal unbroken ; and after it is entered of record, a notice is to be given to the opposite party ten days before the next court, or if so many days do not intervene before the court, or it is delivered to the prothonotary during term, notice is to be given to the opposite party to file objections, if any he has, within twenty days, and if none filed it is to be a judgment, &c.

Evidently the proceedings were not under this act, because the agreement was not proved by the subscribing witness, the award not given to the prothonotary sealed up, and no notice of it was given to the opposite party. But what makes an end of dispute is, that the agreement states the reference and report are to be under the act of 1705 ; and the parties having expressly agreed that the report into office and judgment are to be according to the act of 1705, we are confined to that law.

I would consider the agreement to mean that an amicable action should be entered, and then a rule to refer should be entered in that action. Although the act of 1705 speaks of referees to be chosen in open court, yet in practice the parties very often agree to them out of court and out of term time. That act contemplates a report to be made into court, and an opportunity to file objections, and expressly gives the report its effect, when *approved by the court.* Admit that the parties may agree that the prothonotary shall enter judgment on the report, without its being submitted to the court ; yet he did not do so. There is no judgment entered on it to this hour. Can an execution issue, and lands be sold, and a title pass, where no judgment has been entered? This in fact was the only point argued before us, and on which we decide.

I admit that where the report has been read to the court, and an

entry of judgment *nisi*, if no exceptions are filed, it has been a pretty uniform practice to issue execution, without entering a second judgment absolute.    But I know of no practice to issue an execution without an entry of any judgment.

If a writ of error had issued, the writ must have been quashed, because it issued before any judgment was entered.    Was it ever alleged that a report of referees bound land before any judgment of approval by the court—nay, before the next court, after it was filed, met?    Could a *scire facias* to continue the lien longer than five years issue on such a report?    or a *scire facias quare executio non* be issued on it?

It is said it was a mere mistake or neglect of the prothonotary. Be it so.    But who is to be affected by it?    A judgment bond is left with the prothonotary who never enters judgment on it, or any thing which can be construed to have the same effect.    A deed or mortgage is given to a recorder who never puts it on record.    No one is at a loss to decide what is the consequence.

It would seem superfluous to reason on such a point.    If an execution can issue in a suit where no judgment has been entered, we may proceed and permit one where the first *capias* or summons to appear has not been served.    An execution in a suit in which no judgment has been entered must be void.

Judgment affirmed.